IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FILED
JUL 29 2020
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____KM_____, DEPUTY

| | |
|---|---|
| STEPHEN CHRISTOPHER WRIGHT, ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 5:2020-cv-00287 |
| ) | |
| ) | TRIAL BY JURY DEMANDED |
| Paul Ziriax ) | |
| Defendant. ) | |

### PLAINTIFFS COMPLAINT

1. Plaintiff amends complaint pursuant to Federal Rules of Civil Procedure Rule 15 (B)
2. Comes now the Plaintiff, Stephen Christopher Wright, seeking relief for economic damages resulting from loss of income as a direct result of the Defendant's actions that include the Defendant depriving the Plaintiff's right, protected by the Equal Protection Clause, a part of the 14th Amendment to the United States Constitution, to run for public office without discriminatory burdensome barriers. These barriers included financial fees and were individually descriminitative burdensome to the Indigent Plaintiff and these financial barriers were outside the requirements to run for public office secured by the United States Constitution Article I, section 2, clause 2, and the Oklahoma Constitution Article 1.1, which lays out the requirements to run for public office. The Defendant's actions caused the Plaintiff economic damages deriving from lost wages equal to the salary of US House Rep of $174,000 a year, for two years, totalling $348,000 in economic damages. The Defendant is seeking remedy to include Preliminary Injunction and relief from economic damages in total of $348,000.
3. This court has jurisdiction for injunctions against officials acting on behalf of states of the union to proceed despite the State's sovereign immunity, when the State acted contrary to any federal law or contrary to the constitution. ***Ex parte Young, 209 U.S. 123 (1908)***, United States Supreme Court

### JURISDICTION AND VENUE

4. Plaintiffs claims arise under the Constitution and laws of the United States. This Court has jurisdiction over these claims under 28 U.S.C. §§ 1331, 1343(a)(3).

This Court has the authority to grant declaratory and injunctive relief under 28 U.S.C. § 2201-2202 and Fed. R. Civ. P. 57 and 65. The federal rights asserted by the Plaintiff are enforceable under 42 U.S.C. § 1983.

5. Venue is proper in the Western District of Oklahoma under 28 U.S.C. § 1391(b)(1). Defendant resides in this judicial district. All of the events and omissions by Defendant giving rise to this action occurred in this judicial district.

## Parties

6. The Plaintiff is Stephen Wright, a resident of Oklahoma County in the state of Oklahoma

7. The Defendant is **Paul Ziriax** a citizen of the State of Oklahoma and acting member of the Oklahoma State Election Board

8. Trial by Jury is demanded

9. Speedy trial is demanded

10. The Corona Virus created a burdensome barrier to public signature gathering, leaving the only barrierless alternative for non pauper to appear on the ballot was to pay fees per Oklahoma statutes. These barriers interfered with the Plaintiff's ability to gather signatures, and gathering signatures endangered the life of the Plaintiff and his family.

11. The Plaintiff is a disabled veteran and has disabilities which interfere with physical activities to include those utilized when circulating a petition by himself, such as traveling and handling petitions.

12. In further support of burdensome barriers relating to ballot access being recognized during the COVID pandemic, the governor of Washington state waived the fees and signatures of voters required to run for office through executive order, and Washington's elections remain unharmed.

## Count 1 Deprivation of Plaintiff's rights protected by the Equal Protection Clause of the 14 Amendment to the United States Constitution.

13. The Plaintiff accuses the Defendant of depriving the Plaintiffs rights protected by the Equal Protection Clause, a part of the 14th amendment to the United States Constitution by enforcing and creating discriminative and burdensome barriers for

Indigent people to run for public office. **Paul Ziriax** of the Oklahoma State Election Board physically stopped the Plaintiff from submitting the Plaintiff's Declaration for Candidacy. **Paul Ziriax** refused to accept a Declaration for Candidacy from the Plaintiff for reasons outside of the requirements laid out in the Federal Constitution *Article I, section 2, clause 2* and which specifically created burdensome barriers for paupers people to run to public office. The Oklahoma State Election Board placed people beside the ballot box entry, and then the Defendant utilized the Center for Disease Control's recommendation for social distancing to deter anyone from approaching the ballot boxes thereby creating an additional unprecedented barrier to running for public office.

   a. Public record in support of allegation
      *https://www.youtube.com/watch?v=XqRqkbPQTFQ&t=18s*
   b. The actions of the Defendant **Paul Ziriax** requiring fees from paupers people to run for office is individually discriminative because it preys upon Indigent people handicap (financial need) and as a result the Plaintiff was deprived his right to run for public office without individually discriminative barriers. The defendant's conduct was callously indifferent to the federally protected rights of others, specifically it .
   c. If the Plaintiff had the ability to pay monies the Plaintiff would have been allowed to run for public office. Requiring fees from paupers to run for office is a discriminative barrier. The Defendant does not have a right to create discriminative barriers for running for office or federal jobs, the Plaintiff does have the right to run for office without descriminative barriers.
   d. The Plaintiff is a part of a group of people identified as Indigent, otherwise known as paupers people. This group is recognized by the United States and the State of Oklahoma as a group, or class of people, which have financial barriers and therefore there has been action taken to make justice and law more equal to this group of people. An example of this is waiving the fees or security deposit for members of this group in cases like these.
   e. Therefore the precedent is aiding people of this group in protecting rights, such as the right to government services without fees and securities, in cases such as this. Furthermore there are more actions provided by this court to further aid in making justice more equitable to paupers people, such ordering the United States Marshal's office to participate in this effort by serving the Defendant without payment or fees from the Plaintiff.
   f. When **Paul Ziriax** refused the Plaintiff's Declaration for Candidacy for reasons not laid out in the United States Constitution the Defendant **Paul Ziriax** was not acting in "scope of employment" *Oklahoma 51 O.S. § 152*, as the scope of employment was to act within the permissible actions authorized by the Oklahoma State Election Board laid out in the Oklahoma Constitution article 1.1

g. The Defendant was not acting under authorization of the Oklahoma Constitution when rejecting the Plaintiff's Declaration for Candidacy for lack of fees or voter signatures, and therefore was acting apart from the Oklahoma Constitution and ergo the United States Constitution.
h. The Oklahoma Constitution pursuant to article 1.1 is "inseparable from the federal union" and "US Constitution is the supreme law of the land"
   i. *Federal Constitution Article I, section 2, clause 2* secures requirements for representatives which do not contain language pertaining to fees or signatures gathered.
   ii. The Plaintiff and his Declaration for Candidacy met the requirements to be a House representative pursuant to Federal Constitution Article I, section 2, clause 2 and the Oklahoma Constitution Article 1.1.
i. A Plaintiff shows that the alleged deprivation was committed by a person acting under color of law
   i. Plaintiff alleges Paul Ziriax acted under color of law Oklahoma statute §265112 when refusing the Plaintiff's Declaration for Candidacy.
j. A Plaintiff also demonstrates that the entity's "policy or custom" caused the constitutional tort
   i. Plaintiff alleges Paul Ziriax would not allow the Oklahoma State Election Board to accept the Plaintiff's Declaration for candidacy while citing Oklahoma Statutes §265112.
   *https://www.youtube.com/watch?v=XqRgkbPQTFQ&t=18s*
   ii. The "policy or custom" of the Defendant is to deny Declaration of Candidacy based on qualifications set forth in Oklahoma statute §265112 and not the requirements set forth in the United States Constitution.
   iii. There is no lawful authority given to the Oklahoma State Election Board, or **Paul Ziriax,** to reject a Declaration for Candidacy for requirements not laid out in the United States Constitution *(Oklahoma Constitution Article 1.1)*, nor any member acting on the Oklahoma State Election Board's behalf.
   iv. The Defendant was not authorized to deny the Plaintiff's Declaration for Candidacy because the Oklahoma Constitution only authorized the Defendant to act within the Oklahoma Constitution, and that the Oklahoma Constitution lays out the United States Constitution as "Supreme law of the land" in article 1.1. The rights of the Plaintiff guaranteed by the United States Constitution were deprived by the Defendant by following "custom" to act on Oklahoma Statutes while not acting on Constitutional duties when the Plaintiff's Declaration for Candidacy was rejected for reasons outside the United States

Constitution, and this "custom" affects people, specifically paupers people, under these circumstances.

## Statements in Support of Complaint

14. The rejection of the Plaintiff's Declaration for Candidacy occurred before the deadline to file.
15. The Federal Constitution lays out requirements to run for public office, specifically the House position the Plaintiff was declaring candidacy for and was rejected for. "Members of the House be at least 25 years old, have been a U.S. citizen for at least seven years, and live in the state they represent "*The U.S. Constitution, Article I, section 2, clause 2*"
16. The creation of the Oklahoma State Elections Board was authorized under the Oklahoma Constitution.
17. "The State of Oklahoma is an inseparable part of the Federal Union, and the Constitution of the United States is the supreme law of the land." *The Oklahoma Constitution Article 1.1*
18. The Oklahoma Election Board was authorized for creation under the Oklahoma Constitution.
19. There is nothing laid out in the United States Constitution which requires fees or voter signatures to be a representative.
20. The Plaintiff was denied access to the ballot for reasons not laid out in the Oklahoma Constitution.
21. The Plaintiff was denied his right to run for public office for reasons not laid out in the Federal Constitution.

## Relief Sought

22. WHEREFORE The Plaintiff prays for remedy ordering punitive damages against the Defendant totalling $348,000 be paid to the Plaintiff pursuant to 42 U.S.C. § 1983
23. WHEREFORE The Plaintiff prays for a permanent injunction that orders the Oklahoma State Election Board to accept Declarations of Candidacy from people without requiring fees or signatures from voters.
24. WHEREFORE The Plaintiff prays the court will order the Plaintiff's candidacy be added to the Oklahoma 2020 ballot, for Representative of Congressional District 3

Stephen Wright
6520 NW 22nd, Bethany, OK, 73008
360.999.2736 : phone